UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ROBERT BOSCH GMBH and ROBERT BOSCH LLC, | ) ) ) |
| Plaintiffs, | ) ) ) |
| -v- | ) )  Civil Action No. _____ |
| FCP AUTO PARTS, INC. | ) ) ) |
| Defendant. | ) ) |

# COMPLAINT

Plaintiffs, Robert Bosch GmbH and Robert Bosch LLC (collectively, "Bosch") allege as follows:

## PARTIES

1. Plaintiff Robert Bosch GmbH ("Robert Bosch") is a German corporation with its principal place of business in Stuttgart, Germany.

2. Plaintiff Robert Bosch LLC ("RBUS") is a Delaware limited liability company with offices at 2800 South 25th Avenue, Broadview, Illinois 60155. RBUS's sole member is Robert Bosch North America Corporation, a Delaware corporation with its principal place of business in Farmington Hills, Michigan.

3. Defendant FCP Auto Parts, Inc. ("Defendant") is an Illinois corporation with its principal place of business at 711 South Vermont Street, Palatine, Illinois, 60067.

## JURISDICTION AND VENUE

4. This Court has jurisdiction because this action arises under the Trademark Act of 1946, as amended, 15 U.S.C. §§ 1051 et seq. (the "Lanham Act"), and jurisdiction is specifically conferred by 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338(a) and (b). Jurisdiction for the

Illinois state statutory and common law claims is conferred in accordance with the principles of supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a).

5. Venue is proper in this Court under 28 U.S.C. § 1391(b)(2) in that a substantial part of the events or omissions giving rise to the claims occurred in this judicial district. Venue is also proper under 28 U.S.C. § 1391(c) as Defendant resides in and is subject to jurisdiction in this district.

## FACTS

### Plaintiffs and Their Valuable and Well-Known Trademarks

6. Robert Bosch is a German corporation that has been manufacturing and selling products under the well-known BOSCH brand name and trademark for more than 100 years. Robert Bosch conducts business in a wide range of industries, including the Original Equipment Manufacturer ("OEM") and aftermarket automotive parts industries.

7. For many years, and long before the acts of Defendant complained of herein, Robert Bosch and its licensees have used the marks BOSCH (hereinafter, the "BOSCH Mark") and the mark ⊕ (hereinafter, the "Bosch Magneto Mark") (collectively, the "Bosch Marks") in the United States in connection with the sale of automotive parts, including canister purge valves.

8. Robert Bosch is the owner of numerous active federal trademark registrations with the United States Patent and Trademark Office (hereinafter, "USPTO") either consisting of or incorporating the BOSCH Mark and/or the Bosch Magneto Mark, including but not limited to the following:

| Mark | Goods | Reg. No. | Reg. Date |
|---|---|---|---|
| BOSCH | Starters for combustion engines and diesel engines (not for land vehicles); magnetos, transistorized ignitions for engines; | 1,637,401 | Mar. 12, 1991 |

| Mark | Goods | Reg. No. | Reg. Date |
|---|---|---|---|
| | ignition components for engines, namely ignition coils, ignition distributors, contact sets and spark plugs; electric motors (not for land vehicles); electric generators and alternators; fuel injection systems for gasoline engines comprising fuel pumps, injectors, fuel rails, fuel pressure regulators, governors, idle speed actuators, throttle switches air valves and magnetic valves; diesel engine fuel injection equipment, namely, injection pumps, nozzles, nozzle holders, delivery valves, magnetic valves and timers; flame starters for diesel engines; heating flanges, glow plugs for diesel engines; air, oil and fuel filters for engines (not for land vehicles); electro-hydraulic pumps, hydraulic accumulators, hydraulic cylinders, hydraulic piston motors, hydraulic valves; pneumatic cylinders, pneumatic door actuators and air compressors. | | |
| (Bosch logo) | Lubricating devices for all kinds of machines, comprising oil pumps, grease pumps, lubricant distributors; fuel injection equipment used with internal combustion engines comprising fuel injection pumps, nozzles, nozzle-holders, injection timing devices, governors; fuel feed pumps; filters for fuel and oil; flushing and charging blowers for motors; fluid operated equipment, pressure and vacuum equipment, servo equipment, said equipments comprising pumps, motors, actuating cylinders, valves, control apparatus, pressure accummulators; coupling devices, connecting parts, switch devices; multi-purpose hand motors, drilling machines and supports for drilling machines, drilling and reaming machines, grinders, nut runners, tappers, sheet metal shears, milling machines, polishers for wet and dry polishing, roll pickers for cleaning of spinning machines, drill hammers, drilling blowers, boring bars, hard metal drilling bits; percussion hammers, plumber's power hammers, builder's power hammers, insert tools, such as drills, milling cutter files, wood working tools (rasps), countersinking tools, filing discs, polishing cups and discs, brushes, grinding discs, shapers; supports for hand motors; motor compressor units; vibrators; electric machines and accessories (for commercial use) for preparing food comprising kneaders, mixers, liquidizers, slicers, shredders, pommes-frites (potato chip) discs, potato peelers, citrus presses, meat mincers, juice extracting attachments, grating attachments, noddle-making attachments, fritter-making attachments, sausage stuffers; gear coupling devices; motor compressor units; devices for moving front loaders, stern loaders, mobile cranes, fork trucks, tractors or trailers with power lifts or tilters; and parts of all of the said goods | 633,563 | Dec. 8, 1955 |

9. The registrations above have become incontestable in accordance with 15 U.S.C. §§ 1065 and 1115(b) and, accordingly, constitute conclusive evidence of Robert Bosch's exclusive right to use the marks identified in these registrations throughout the United States.

10. RBUS manufactures, markets, and sells automotive, consumer, and industrial technology products throughout the United States, including vehicle parts and systems.

11. For many years, RBUS and its predecessors have manufactured and sold vehicle parts and systems under the Bosch Marks, including canister purge valves, pursuant to a license agreement with Robert Bosch.

12. The vehicle parts and systems sold under the Bosch Marks are subject to a strict quality control program implemented by Robert Bosch that protects and preserves all aspects of such products, including their components, safety, appearance, and packaging.

13. RBUS has used the Bosch Marks for many years, has sold billions of dollars worth of goods and services in the United States under those marks, and has spent substantial sums marketing and promoting goods and services under those marks.

14. By virtue of the aforementioned sales and marketing, the Bosch Marks have become well known throughout the United States, and represent extremely valuable goodwill for Bosch.

<u>Defendant and Its Use of the Bosch Marks</u>

15. Defendant is in the business of selling automotive parts, including canister purge valves. Defendant sells these automotive products through at least its business location in Palatine, Illinois.

16. Defendant is selling and offering for sale automotive products, including canister purge valves, under the Bosch Marks that are not genuine Bosch products.

17. Recently, Bosch obtained a canister purge valve sold by Defendant.

18. After receiving the canister purge valve sold by Defendant, Bosch engineers evaluated the valve. Although the valve bore the Bosch Marks, Bosch engineers determined that the valve was not a genuine BOSCH product.

<u>Harm to Plaintiffs</u>

19. On information and belief, Defendant's aforementioned uses of the Bosch Marks constitute a deliberate, intentional, and willful attempt to trade upon Plaintiffs' business reputation and goodwill in the Bosch Marks.

20. As a result of Defendant's aforementioned acts of counterfeiting, trademark infringement, and unfair competition, Defendant's customers and potential customers have been and/or are likely to be confused into thinking that the counterfeit products sold by Defendant are genuine Bosch products.

21. Defendant's counterfeit and infringing uses of the Bosch Marks have caused and will continue to cause irreparable harm to Plaintiffs and to the goodwill they own in the Bosch Marks, as well as lost sales.

**COUNT I
TRADEMARK COUNTERFEITING IN VIOLATION OF
SECTIONS 32 AND 34(d)(1)(B) OF THE LANHAM ACT**

22. Plaintiffs repeat and reallege the allegations contained in Paragraphs 1 through 21 as if fully set forth herein.

23. Defendant's aforesaid use of the Bosch Marks on products that are not genuine BOSCH canister purge valves constitutes use of spurious marks identical with, or substantially indistinguishable from, Bosch's genuine Bosch Marks, which are federally registered for use in connection with canister purge valves. *See* U.S. Reg. Nos. 633,563 and 1,637,401.

24. Defendant's acts have caused and/or are likely to cause confusion, mistake, or

-5-

deception as to the source, origin, sponsorship, or approval of Defendant's goods.

25. Defendant's acts constitute trademark counterfeiting of the Bosch Marks in violation of Sections 32(1) and 34(d)(1)(B) of the Lanham Act, 15 U.S.C. §§ 1114(1) and 1116(d)(1)(B).

26. Defendant's acts greatly and irreparably damage Plaintiffs and will continue to so damage Bosch unless restrained by the Court; wherefore, Plaintiffs are without an adequate remedy at law. Accordingly, Plaintiffs are entitled to, among other relief, an order permanently enjoining and restraining Defendant's from using the Bosch Marks in connection with the sale of non-genuine Bosch products.

## COUNT II
## TRADEMARK INFRINGEMENT IN VIOLATION OF SECTION 32 OF THE LANHAM ACT

27. Plaintiffs repeat and reallege the allegations contained in Paragraphs 1 through 21 as if fully set forth herein.

28. Defendant's aforesaid use of the Bosch Marks in connection with the sale of non-genuine Bosch products is likely to cause confusion, mistake, or deception as to source, origin, sponsorship, or approval of Defendant's goods.

29. Defendant's actions, thus, constitute trademark infringement of the Bosch Marks in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

30. Defendant's acts greatly and irreparably damage Plaintiffs and will continue to so damage Plaintiffs unless restrained by this Court; wherefore, Plaintiffs are without an adequate remedy at law. Accordingly, Plaintiffs are entitled to, among other relief, an order permanently enjoining and restraining Defendant from using the Bosch Marks in connection with non-genuine Bosch products or modified Bosch products.

## COUNT III
## UNFAIR COMPETITION IN VIOLATION OF SECTION 43(a) OF THE LANHAM ACT

31. Plaintiffs repeat and reallege the allegations contained in Paragraphs 1 through 21 as if fully set forth herein.

32. Defendant's aforesaid use of the Bosch Marks in connection with the sale of non-genuine Bosch goods is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendant with Plaintiffs, or as to the origin, sponsorship, or approval of Defendant's goods, in that purchasers are likely to believe that Plaintiffs authorize or control the sale, offering, or provision of Defendant's goods, or that Defendant is associated with or authorized by Plaintiffs to sell, offer, or provide those goods.

33. Defendant's actions, thus, constitute unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

34. Defendant's acts greatly and irreparably damage Plaintiffs and will continue to so damage Plaintiffs unless restrained by this Court; wherefore, Plaintiffs are without an adequate remedy at law. Accordingly, Plaintiffs are entitled to, among other relief, an order permanently enjoining and restraining Defendant from using the Bosch Marks in connection with non-genuine Bosch products or modified Bosch products.

## COUNT IV
## VIOLATIONS OF ILLINOIS UNIFORM DECEPTIVE TRADE PRACTICES ACT — 815 ILCS 510/2

35. Plaintiffs repeat and reallege the allegations contained in Paragraphs 1 through 21 as if fully set forth herein.

36. Defendant's false representation that their counterfeit Bosch canister purge valves are new, genuine BOSCH products have actually deceived, have the tendency to deceive, and/or are likely to deceive consumers into believing that their products are genuine Bosch products.

37. Defendant's misconduct alleged herein constitutes a violation of the Uniform Deceptive Trade Practices Act, codified at 815 ILCS 510, *et seq.*

38. As a direct and proximate result of the above-described deceptive trade practices, Plaintiffs have suffered and are suffering irreparable injury. Plaintiffs will continue to suffer irreparable injury unless the Court enters an appropriate injunction.

## COUNT V
## VIOLATIONS OF ILLINOIS CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT — 815 ILCS 505/1, *et seq.*

39. Plaintiffs repeat and reallege the allegations contained in Paragraphs 1 through 21 as if fully set forth herein.

40. Defendant's false representation that their counterfeit Bosch products are new, genuine BOSCH products have actually deceived, have the tendency to deceive, and/or are likely to deceive consumers into believing that their products are genuine Bosch products.

41. Defendant's misconduct alleged herein constitutes a violation of the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/1, *et seq.*

42. As a direct and proximate result of the above-described deceptive business practices, Plaintiffs have suffered and are suffering irreparable injury. Plaintiffs will continue to suffer irreparable injury unless the Court enters an appropriate injunction.

## COUNT VI
## UNFAIR COMPETITION — ILLINOIS COMMON LAW

43. Plaintiffs repeat and reallege the allegations contained in Paragraphs 1 through 21 as if fully set forth herein.

44. Defendant's misconduct alleged herein constitutes unfair competition under the common law of the State of Illinois.

45. As a direct and proximate result of this unfair competition, Plaintiffs have suffered and are suffering irreparable injury. Plaintiffs will continue to suffer irreparable injury unless the Court enters an appropriate injunction.

46. Also as a direct and proximate result of this unfair competition, Plaintiffs have suffered and are suffering monetary damages in an amount to be determined at trial.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray that:

1. Defendant, its officers, agents, servants, employees, representatives, attorneys, their successors and assigns, and all other persons, firms, or corporations in active concert or participation with Defendant who receive notice hereof, including but not limited to all subsidiaries, affiliates, and licensees of Defendant, be permanently enjoined from:

    a) directly or indirectly infringing the above-described registered Bosch Marks in any manner, and specifically:

    (1) using the Bosch Marks, or any reproduction, counterfeit, copy, or colorable imitation of the Bosch Marks, in connection with the offering, promotion, marketing, or sale of any non-genuine Bosch products;

    (2) promoting, marketing, advertising, offering for sale, or selling any counterfeit Bosch goods;

    (3) applying the Bosch Marks, or any reproduction, counterfeit, copy or colorable imitation of the Bosch Marks, to any advertisement, website, point of purchase materials, catalogue, brochure, sign, print, press release, or other material used in connection with the promotion, sale and/or offering for sale of any non-genuine Bosch products;

b)     using any mark that is confusingly similar to the Bosch Marks in connection with the manufacture, promotion, sale and/or offering for sale of any non-genuine Bosch products;

c)     using any other trademark, trade name, logo or design that tends to falsely represent that, or that is likely to confuse, mislead, or deceive consumers to believe that any non-genuine Bosch products originate from Bosch, or that said goods have been sponsored, approved, or licensed by, or are in some way connected or affiliated with Bosch;

d)     engaging in any conduct that tends falsely to represent that, or is likely to confuse, mislead, or deceive consumers, to believe that Defendant and any non-genuine Bosch products are sponsored, approved, or licensed by Plaintiffs, or are in some way connected or affiliated with Plaintiffs;

e)     affixing, applying, annexing, or using in connection with the promotion, advertising, sale, and/or offering for sale of any non-genuine Bosch products a false description or representation or misleading statement of fact that misrepresents the nature, qualities, characteristics, standard, grade, style, or model of such goods or services, including but not limited to, by falsely representing that such products are genuine Bosch products; and

f)     destroying or otherwise disposing of evidence until final determination of this action, including:

    (1)     any canister purge valves and other goods offered for sale in connection with any of the Bosch Marks;

  (2) any promotional or advertising materials, packaging, labels, web site versions, or any other unauthorized items that reproduce, copy, counterfeit, imitate or bear any of the Bosch Marks;

  (3) any sales records, ledgers, invoices, purchase orders, advertising agency contracts or placement orders, inventory control documents, recordings of any type whatsoever, and all other business records and documents believed to concern the promotion, sale, or offering for sale of any non-genuine Bosch products or any other products sold or offered for sale in connection with a Bosch Mark.

2. Defendant, and all others holding by, through, or under Defendant, be required, jointly and severally, to:

 a) account for and pay over to Plaintiffs all profits derived by Defendant from its acts of trademark infringement and unfair competition, such award to be trebled in accordance with 15 U.S.C. § 1117(a);

 b) pay to Plaintiffs the amount of all damages incurred by Plaintiffs by reason of Defendant's acts of trademark infringement and unfair competition, such amount to be trebled in accordance with 15 U.S.C. § 1117(a);

 c) pay to Plaintiffs the costs of this action, together with reasonable attorneys' fees and disbursements, in accordance with 15 U.S.C. § 1117(a) and the statutory and common law of the State of Illinois;

 d) pay to Plaintiffs the greater of treble Defendant's profits or treble the actual damages suffered by Plaintiffs, as well as Plaintiffs' costs, attorneys' fees, and

        prejudgment interest, for their acts of trademark counterfeiting, in accordance with 15 U.S.C. § 1117(b);

    e)    pay to Plaintiffs statutory damages for counterfeiting and willful counterfeiting of each of the Bosch Marks of up to $2 million ($2,000,000) for each type of product sold, offered for sale, or distributed by Defendant, in accordance with 15 U.S.C. §§ 1117(c)(1) and (2);

    f)    pay to Plaintiffs exemplary and/or punitive damages by reason of Defendant's acts of unfair competition, in accordance with 815 ILCS 505/1, *et seq.* and the common law of the State of Illinois;

    g)    deliver up for destruction all of the Defendant's counterfeit and infringing canister purge valves, and all labels, signs, prints, packaging, and advertisements therefor, and any molds, matrices, or other means for making the same, in their possession, in accordance with 15 U.S.C. § 1118.

3.    Plaintiffs have such other and further relief as the Court deems just and equitable.

-13-

DATED: July 8, 2015　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　By: *s/ Thad Chaloemtiarana/*
　　　　　　　　　　　　　　　　　　　Thad Chaloemtiarana (Ill. Bar No. 6236829)
　　　　　　　　　　　　　　　　　　　Phillip Barengolts (Ill. Bar No. 6274516)
　　　　　　　　　　　　　　　　　　　Jason Koransky (Ill. Bar No. 6303746)
　　　　　　　　　　　　　　　　　　　PATTISHALL, MCAULIFFE, NEWBURY, HILLIARD
　　　　　　　　　　　　　　　　　　　& GERALDSON LLP
　　　　　　　　　　　　　　　　　　　200 South Wacker Drive, Suite 2900
　　　　　　　　　　　　　　　　　　　Chicago, Illinois 60606
　　　　　　　　　　　　　　　　　　　Telephone: (312) 554-8000
　　　　　　　　　　　　　　　　　　　Facsimile: (312) 554-8015
　　　　　　　　　　　　　　　　　　　*tc@pattishall.com*
　　　　　　　　　　　　　　　　　　　*pb@pattishall.com*
　　　　　　　　　　　　　　　　　　　*jmk@pattishall.com*

　　　　　　　　　　　　　　　　　*Attorneys for Plaintiffs Robert Bosch GmbH and Robert Bosch LLC*